EARL F. GARRIS, PLAINTIFF-RESPONDENT, v. CHARLES W. KLINE, DEFENDANT-APPELLANT.

Submitted October 29, 1937—Decided January 26, 1938.

For the plaintiff-respondent, *Arthur S. Smith* (*Sylvester C. Smith, Jr.,* of counsel).

For the defendant-appellant, *George M. Shipman, Jr.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is a tort action in which the plaintiff recovered for injuries sustained in a motor accident which occurred near Petersburg, Virginia. The sole ground of appeal is that the trial court erred in refusing to direct a verdict in favor of the defendant.

The plaintiff, Garris, and his wife motored from Washington, New Jersey, to Florida as guests in the car owned and driven by defendant, Kline. Mrs. Kline also accompanied them. Plaintiff testified that on the south-bound journey in Oxford, Pennsylvania, he complained to defendant that the brakes on the car were not operating properly and he urged that the brakes be adjusted or relined. Plaintiff also testified that no such action was taken until they reached Florida where defendant bought brake lining and plaintiff assisted in relining the brakes. Plaintiff also testified that on the homeward journey at a point ten miles before they reached the scene of the accident he again urged that the brakes should be readjusted but this was not done. Plaintiff's testimony is that the defendant answered, "My dear boy, I am the captain of this crew. Everything is all right and you just behave yourself."

Certified copies of two opinions from the highest court of Virginia stating the law of that state to be that, to support a recovery in this case, gross negligence must be proved, were admitted into evidence under section 26 of our Evidence act. 2 *Comp. Stat.* 1910, *p.* 2229.

There was also evidence that plaintiff and his wife observing that defendant was driving part of the way at speeds greater than sixty miles an hour, had requested the defendant to slow down and that defendant slowed only to about fifty miles an hour.

Defendant and his wife both denied emphatically all of the testimony respecting defective brakes and denied that they were relined during the trip.

When the accident occurred defendant was driving down a fairly steep grade at a speed variously estimated from "very fast" to about twenty miles an hour when he crashed into a roadside abutment of concrete which stood over a culvert. Defendant contended that a huge trailer truck coming in the opposite direction forced him off the road, crashed into the side of defendant's car and caused the crash. A third witness, one Hirsh, was produced to corroborate this story. Plaintiff and his wife emphatically denied that there was any truck in the vicinity at the time of the crash but admitted that three or four pleasure cars were passing in the opposite direction.

With the evidence presenting such conflict it was proper to send this case to the jury and to deny the motion for directing a verdict.

Appellant also contends that the trial court erred in referring to the jury the question as to what law of Virginia is applicable to this case. This contention is fallacious since the trial court in its charge stated: "In the State of Virginia they have laid down the rule that a driver of an automobile, to respond in damages to a guest riding with him in case of injury due to collision, that it is necessary that the plaintiff show that the driver of the automobile be guilty of gross negligence, and gross negligence, of course, is only another expression to show extreme carelessness or wanton carelessness." *Siegel* v. *Saunders et al.,* 115 *N. J. L.* 539.

Finding no error the judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 13.

*For reversal*—DONGES, J. 1.